UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CECILIA JONES,

               Plaintiff,

                                                MEMORANDUM & ORDER
    -against-                      18-CV-6834(JS)(AYS)

HEALTHFIRST, HEALTHFIRST INSURANCE
COMPANY,

               Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Cecilia Jones, pro se
                    287 E. 18th Street, Apt. 4B
                    Brooklyn, NY 11226

For Defendants:    No appearance.

SEYBERT, District Judge:

       On November 30, 2018, pro se plaintiff Cecilia Jones ("Plaintiff") filed a Complaint in this Court against Healthfirst and/or Healthfirst Insurance Company ("Defendants") seeking an Order compelling Defendants to provide her with certain name brand medications rather than generic formularies. Accompanying the Complaint is an application to proceed in forma pauperis and an Order to Show Cause seeking injunctive relief. (See Mot., Docket Entry 2.) Specifically, Plaintiff seeks an order directing Defendants to authorize the "CVS Pharmacy on Ditmas, Bklyn, NY and Greenfield Pharmacy, Bklyn, NY to fill my prescriptions for Advair HFA Inhaler 230/21, Astepro 0.15% nose spray both are brand name not generic and Lantus U-10 vial of Insulin." (See Pl.'s Aff.,

Docket Entry 4 at 1.) Upon review of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

However, because the Court lacks subject matter jurisdiction, the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and FED. R. CIV. P. 12(h)(3). Given the dismissal of the Complaint, Plaintiff's request for injunctive relief is DENIED. (See Order to Show Cause, Docket Entry 3.)

BACKGROUND[1]

Plaintiff's Complaint is submitted on the Court's general complaint form and is brief. Plaintiff alleges that she resides in Brooklyn, New York, and that Defendants are incorporated under the laws of the State of New York and are citizens of New York. (Compl. ¶¶ I. A.-B., II. B.) Plaintiff has checked the box on the form Complaint to invoke this Court's federal question

---

[1] All material allegations in the Complaint and are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

subject matter jurisdiction. (Compl. ¶ II. A.) in the space the calls for the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote:

> (1) theft of benefits; (2) denial of benefits, (3) abuse of power, (4) usurpation of authority, (5) violation of the Americans with Disabilities Act, (6) medical malpractice, (7) misappropriation of funds, [and] (8) attempted murder.

(Compl. ¶ II. A.) In its entirety, Plaintiff's Statement of Claim alleges:

> I, Cecilia Jones became a Healthfirst member on October 1, 2018. They have been denying me my (1) Advair Asthma Inhaler 230/21 Name Brand, (2) Astepro Nose Spray 0.15% Brand Name and my (3) Lantus U-100 vial of insulin for Type 1 diabetes. I have been hospitalized numerous times due to the lack of proper medication. My doctors wrote my prescriptions they are at Greenfield Pharmacy and CVS Pharmacy on Ditmas Ave. Bklyn, NY. Healthfirst refuses to authorize my receipt of the medication. Healthfirst has also received paperwork stating I am allergic to their formulary medicines. On or approximately November 29, 2018, I received a voicemail stating I was denied Astpro Nose Spray 0.15% (Brand Name). On or approximately November 28 and November 29, 2018 I received voicemails stating I was denied Lantus U-100 vial insulin. On or approximately November 11, November 13, November 21, November 22, November 24, November 26, November 27, November 28 and November 30, that I would not be authorized to receive Advair HFA Inhaler 230/21, by voice messages and multiple customer reps of Healthfirst Company.

(Compl. ¶ III at 4-5.)

For relief, although Plaintiff alleges that the amount

in controversy is "10 million dollars" (Compl. ¶ II.B.3), she seeks only an Order directing "Healthfirst to pay for my Asthma Advair HFA 230/21 Inhaler name brand, Astepro Nose Spray 0.15% name brand, and Lantus U-100 insulin vial for Type 1 diabetes." (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d

197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived

and may be raised at any time by a party or by the Court <u>sua sponte</u>. <u>Id.</u> "If subject matter jurisdiction is lacking, the action must be dismissed." <u>Id.</u> at 700-01; <u>see</u> F<small>ED</small>. R. C<small>IV</small>. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are embodied in 28 U.S.C. §§ 1331 and 1332. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 513, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. <u>Id.</u> A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. <u>Id.</u> Subject matter jurisdiction may be established pursuant to § 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States. <u>Arbaugh</u>, 56 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal question subject matter jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, <u>i.e.</u>, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and

6

frivolous.'" Id. at 513 n.10, 126 S. Ct. at 1237 n.10.

Here, although Plaintiff alleges that her claims arise, in part, under the Americans with Disabilities Act ("ADA"), she has not provided the Court with any guidance as to the legal basis for this claim, and the Court knows of no legal theory that would provide relief to Plaintiff under the ADA under circumstances alleged in the Complaint. Accordingly, Plaintiff has failed to properly invoke this Court's federal question subject matter jurisdiction.

Given Plaintiff's pro se status, the Court has also considered whether this Court's diversity jurisdiction may be invoked. However, this case lacks complete diversity between parties as Defendants are expressly alleged to be located in New York, the same state as Plaintiff. 28 U.S.C. § 1332. And, because Plaintiff does not seek any monetary relief in the Complaint, the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980), pro se litigants still must establish subject matter jurisdiction to avoid dismissal.

See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction). Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and FED. R. CIV. P. 12(h)(3). Plaintiff may pursue any state law claims she may have against Defendants in state court. Given the dismissal of the Complaint, there is no likelihood of success on the merits of Plaintiff's claims and therefore her Order to Show Cause seeking injunctive relief is DENIED.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and FED. R. CIV. P. 12(h)(3). Given the dismissal of the Complaint,

there is no likelihood of success on the merits of the claims presented and Plaintiff's Order to Show Cause seeking injunctive relief is thus DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December   19  , 2018
       Central Islip, New York